IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| BRIC A. NIPPER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | |
| v. | ) | _____ |
| | ) | |
| PRIORITY MEDICAL, LLC | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

COMES NOW Plaintiff Bric A. Nipper ("Nipper") and files this Complaint against Defendant Priority Medical, LLC ("Priority"), by and through his undersigned counsel, as follows:

**INTRODUCTION**

1. This action arises out of Defendant Priority's unlawful failure to pay Nipper overtime pay—or any pay at all—for hours worked over 40 hours per week in compliance with the Fair Labor Standards Act ("FLSA"). Throughout Nipper's employment as a service technician and delivery driver, Priority improperly and unlawfully reduced Nipper's reported weekly hours to 40 hours per week, despite that fact that he worked more than 40 hours per week, and provided his employer with detailed documentation of the hours actually

worked. Moreover, Priority failed to pay Nipper for hours during which he performed work outside of his normal working hours while "on call." Priority is liable to Nipper for overtime pay for all hours that he worked over 40 hours per week at a rate of 1 ½ times his hourly rate of pay, plus all statutory damages and attorneys fees due to the willful and knowing nature of Priority's violation.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over this matter, which arises under federal law. 28 U.S.C. § 1331.

3.  Venue is proper in this district and division because Defendant resides herein. 28 U.S.C. § 1391(b)(1).

## PARTIES

4.  Nipper is a citizen of the State of Georgia who resides in Chatsworth, Georgia.

5.  Priority is a Georgia limited liability company subject to the personal jurisdiction of this Court. Priority's primary place of business is in Chatooga County, Georgia. Priority may be served through its registered agent for service of process, Kristan F. Floyd, 279 Tavern Lane, Trion, Georgia 30753.

## FACTS

6. Priority operates a medical supply business, selling and offering maintenance for medical equipment on behalf of medical providers and individual consumers.

7. Nipper began working for Priority on or about September 1, 2009 as a delivery driver and service technician.

8. Nipper was a non-exempt employee whose primary duties were to deliver medical equipment to medical providers and consumers, and to service and repair medical equipment as needed.

9. Upon taking the position, Nipper was informed that he would work 40 hours per week.

10. However, soon after beginning the job, Nipper found that he was required to work well over 40 hours per week in order to complete the delivery and service assignments given to him by Priority.

11. From September 2009 until December 7, 2010, Nipper worked approximately 350 hours of unpaid overtime.

12. Nipper informed Priority that he was having to work over 40 hours per week, and requested that he be paid overtime. However, Priority refused, and required that Nipper not turn in time-sheets that showed more than 40 hours per week.

13. In December of 2010, Nipper began to complete detailed "route sheets" in order to document the tasks he was completing daily, and the time he was actually working.

14. Nipper periodically showed these sheets to his supervisors at Priority in order to support his claim for unpaid overtime. However, Priority maintained that Nipper would only be paid for 40 hours per week, and refused to pay overtime.

15. Between December 8, 2010, and his termination on April 26, 2012, Nipper logged 365 hours of unpaid overtime. He was not paid for any of these hours.

16. On April 26, 2012, Priority terminated Nipper. Priority's owner, Kristan F. "Felicia" Floyd, presented Nipper with a print out of a post on the website Facebook, in which Nipper had complained publically of "working for free." Floyd stated that the post was the reason for his termination.

17. Moreover, throughout Nipper's employment, he was required to be "on call" on many days that he was not working normal hours. Nipper was paid a flat "day rate" to be on-call, but was not paid hourly for time he spent on these days actually making deliveries or responding to service calls. These hours spent working on "on call" days should also have been paid to Nipper at 1 ½ of his regular hourly rate, as they were in excess of 40 hours per week.

## LEGAL CLAIMS

18. By this reference, Nipper fully incorporates all factual allegations as if set forth herein.

19. Throughout Nipper's employment, Priority failed to pay overtime—or any pay at all—for hours Nipper worked over 40 hours per week, in violation of the FLSA.

20. Moreover, Priority terminated Nipper in retaliation for aggrieving the denial of pay for work performed, in violation of the FLSA.

21. Priority's unlawful actions in this regard were willful and knowing.

22. Priority is liable for all unpaid overtime, plus statutory damages, plus attorneys' fees and costs, plus all damages arising from Nipper's retaliatory discharge.

## PRAYER FOR RELIEF

**WHEREFORE**, Nipper prays that the Court grant the following relief:

(a) afford him a trial by jury on all issues so triable;

(b) issue a finding that Priority improperly failed to pay Nipper overtime compensation, in violation of the FLSA;

(c) issue a finding that Priority willfully failed and refused to pay Nipper overtime compensation in accordance with the FLSA;

(d) award Nipper all unpaid overtime for the maximum period permitted by the FLSA;

(e) award Nipper liquidated damages in an amount equal to the amount of unpaid overtime, pursuant to the FLSA;

(f) award Nipper attorneys' fees and costs, pursuant to the FLSA;

(g) award Nipper all damages available at law, including compensatory and punitive damages, for his retaliatory discharge;

(h) award Nipper such other legal and equitable relief as the Court deems just and proper.

Respectfully submitted, this May 16, 2012.

_____
James E. Radford, Jr.
Georgia Bar No. 108007
*Counsel for Plaintiff*

James Radford, LLC
150 E. Ponce de Leon Ave, Suite 260
Decatur, Georgia 30030
(678) 369-3609
james@jamesradford.com